IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIAN ANDREW JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-18-3109 |
| WARDEN JAMA ACUFF and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented Petitioner Julian Andrew Johnson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges Johnson's 1999 conviction in the Circuit Court for Wicomico County, Maryland for first-degree burglary, two counts of armed robbery, conspiracy to commit armed robbery, two counts of robbery, use of a handgun in a crime of violence, use of a handgun in the commission of a felony, wearing and carrying a handgun, felony theft, two counts of reckless endangerment, and two counts of second-degree assault. *Id.*; ECF No. 5-1 at 16-18. Respondents filed a limited answer in which they argue that the Petition is time-barred under 28 U.S.C. § 2244(d)(1)-(2). ECF No. 5. Johnson replied. ECF No. 7. In addition, he filed two Motions Requesting an Order of Judgment, asking that the Court rule in his favor.[1] ECF Nos. 10, 12.

I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v.*

---

[1] In the second motion, Johnson states that he is now incarcerated at the Maryland Correctional Institution in Jessup, Maryland, where the Warden is Jama Acuff. Therefore, the Clerk shall be directed to amend the docket with the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that "in habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held").

*Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, Johnson's Petition is dismissed, his motions are denied as moot, and a certificate of appealability shall not issue.

## BACKGROUND

Following a jury trial in June 1999, Johnson was convicted in the Circuit Court for Wicomico County of first-degree burglary, two counts of armed robbery, conspiracy to commit armed robbery, two counts of robbery, use of a handgun in a crime of violence, use of a handgun in the commission of a felony, wearing and carrying a handgun, felony theft, two counts of reckless endangerment, and two counts of second-degree assault. Criminal Docket, ECF No. 5-1 at 21. He was sentenced to a total of 20 years' imprisonment. *Id.*

Johnson filed an appeal in the Court of Special Appeals of Maryland, presenting two issues: (1) whether there was sufficient evidence to convict him of the counts involving the use of a handgun; and (2) whether the sentences were disproportionate under the common law or unconstitutional. *Johnson v. State of Maryland*, No. 1048, Sept. Term 1999 (Md. App. June 8, 2000), ECF No. 5-1 at 24. In an unreported opinion filed on June 8, 2000, the court affirmed Johnson's convictions. *Id.* at 29. The mandate issued on July 10, 2000, and Johnson did not file a petition for writ of certiorari with the Court of Appeals of Maryland, nor did he seek further review in the Supreme Court. *Id.* at 30; *see* Petition, ECF No. 1 at 2-3.

Prior to the conclusion of his direct appeal, Johnson filed, and the trial court denied, two motions for reconsideration of his sentence under Maryland Rule 4-345(e). ECF No. 5-1 at 21. Johnson also filed a motion for review of his sentence by a panel of three circuit court judges, but the panel left the sentence unchanged. *Id.* On April 9, 2003, Johnson filed a third motion for reconsideration of his sentence, which the trial court denied on October 28, 2004. *Id.* at 22. On

February 23, 2006, he filed a fourth motion for modification of sentence, which the trial court denied as untimely. *Id.*

On May 5, 2009, Johnson filed a pro se petition for post-conviction relief in state circuit court. *Id.* at 14. According to Johnson, he raised the following claims: (1) violation of his Fifth Amendment right; (2) abuse of discretion in admitting a handgun into evidence; (3) abuse of discretion in "failing to inquire why petitioner requested to discharge his attorney"; (4) witness tampering; (5) illegal sentence; and (6) ineffective assistance of counsel in "failing to consult or file modification." ECF No. 1 at 3. After a hearing on November 12, 2009, the post-conviction court denied Johnson's petition on November 25, 2009. ECF No. 5-1 at 13. On December 28, 2009, Johnson filed an application for leave to appeal the denial of post-conviction relief to the Court of Special Appeals, which denied the application by order dated July 6, 2011. *Id.* at 12, 31-32. The appellate court's mandate issued on August 5, 2011.[2] *Id.* at 12, 33. Johnson did not seek further review of that ruling in the Court of Appeals.

On April 24, 2015, Johnson filed a motion to reopen post-conviction proceedings. *Id.* at 10. The trial court denied that motion on June 1, 2015. *Id.* Johnson subsequently filed an application for leave to appeal, which the Court of Special Appeals denied on December 23, 2015.[3]

---

[2] While his application was pending, Johnson filed a fifth motion for modification of his sentence in trial court. ECF No. 5-1 at 12. He subsequently withdrew that motion. *Id.* On June 19, 2013, Johnson filed an untimely, sixth motion for reconsideration of his sentence, which the trial court denied for lack of jurisdiction on July 5, 2013. *Id.* at 11.

[3] Before the appellate court issued its ruling, on August 13, 2015, Johnson filed an untimely, seventh motion for reconsideration of his sentence, which the trial court denied for a lack of jurisdiction on August 17, 2015. ECF No. 5-1 at 10.

*Id.* at 9. On January 8, 2016, Johnson filed a motion for reconsideration, which the Court of Special Appeals denied on February 4, 2016.[4]  *Id.*

On January 17, 2017, Johnson filed another motion to reopen post-conviction proceedings. *Id.* at 8. On March 6, 2017, the trial court denied the motion. *Id.* On March 16, 2017, Johnson filed a motion for reconsideration of that decision, which the trial court denied on March 24, 2017. *Id.* at 7-8.

On January 22, 2018, Johnson filed a third motion to reopen post-conviction proceedings, arguing that he was denied his Sixth Amendment right to counsel of choice. *Id.* at 7; ECF No. 1 at 4. The trial court denied the motion on February 1, 2018. ECF No. 5-1 at 6. On February 13, 2018, Johnson filed a motion for reconsideration, which the court denied on February 20, 2018. *Id.* Thereafter, Johnson filed an application for leave to appeal. *Id.* On August 27, 2018, the Court of Special Appeals denied his application. *Id.* at 5. On September 11, 2018, Johnson filed a motion to correct an illegal sentence under Maryland Rule 4-345(a), which the trial court denied on October 3, 2018. *Id.*

On September 27, 2018, Johnson filed his Petition in this Court.[5] He claims that the trial court violated his Sixth Amendment right to counsel of choice and that both appellate and post-conviction counsel rendered ineffective assistance when they failed to raise this constitutional violation on direct appeal and during post-conviction proceedings. *Id.* at 8-11.

---

[4] Although not authorized by Maryland Law, Md. Code Ann., Cts. & Jud. Proc. § 12-202, Johnson filed a petition for writ of certiorari with the Court of Appeals on or about January 29, 2016. ECF No. 5-1 at 9. That court denied the petition on March 31, 2016. *Id.*

[5] Although the Court received Johnson's Petition on October 5, 2018, his Petition is deemed filed as of the date he mailed it. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system); *see also* ECF No. 1 at 6-11.

**DISCUSSION**

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Johnson's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

As Respondents correctly state, Johnson's judgment of conviction became final for direct review purposes on July 25, 2000, when the time for filing a petition for writ of certiorari with the Court of Appeals of Maryland expired. *See* Md. Rule 8-302 ("If a notice of appeal to the Court of Special Appeals has been filed . . . , a petition for a writ of certiorari may be filed either . . . not later than the later of 15 days after the Court of Special Appeals issues its mandate or 30 days after the filing of that court's opinion."). Therefore, the deadline to file a federal habeas petition expired one year later, on July 25, 2001. *See* U.S.C. § 2244(d)(1).

Johnson did not file his petition for post-conviction relief in state court until almost nine years after his judgment of conviction became final, on May 5, 2009.[6] Because no state post-conviction proceeding was pending between July 25, 2000, and July 25, 2001, statutory tolling does not apply in this case. Thus, Johnson's current federal habeas Petition is statutorily time-barred under 28 U.S.C. § 2244(d).

Construing Johnson's Petition liberally, he invokes the doctrine of equitable tolling by asking the Court to "waive the (1) year filing deadline." ECF No. 1 at 7. A petitioner seeking equitable tolling must show either that there was wrongful conduct by the respondent that prevented the petitioner from filing on time, or that there were "extraordinary circumstances" beyond the petitioner's control or external to the petitioner's own conduct that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would

---

[6] Johnson filed motions for reconsideration of his sentence in state court on April 9, 2003, and February 23, 2006. However, as both motions were untimely filed, they were not properly filed applications for collateral review and did not toll the limitations period pursuant to Section 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005).

be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Here, Johnson asserts that neither his appellate or post-conviction counsel raised the issues presently before this Court in direct appeal or during post-conviction proceedings. Rather, Johnson avers that he only recently raised them when he moved to reopen post-conviction proceedings in 2018, after he learned about *Gambrill v. State*, 437 Md. 292 (2014), and *State v. Graves*, 447 Md. 230 (2016), both of which involve a discharge of counsel. Thus, Johnson asserts that his claims regarding discharge of counsel would have been procedurally defaulted had he brought them before this Court any earlier.

In making this argument, Johnson fails to acknowledge that when he filed his 2009 pro se petition for post-conviction in state court, one of the issues he raised pertained to the trial judge's failure "to inquire why petitioner requested to discharge his attorney." *See* ECF No. 1 at 3. It is clear, therefore, that Johnson took issue with the trial judge's ruling on this matter even before *Gambrill* and *Graves* were decided.[7] Johnson, however, does not allege any extraordinary circumstance that prevented him from filing a timely post-conviction, and subsequently habeas, petition raising this claim.

To the extent Johnson claims that his failure to file a timely petition was due to ineffective assistance of counsel, his argument is also without merit. The Fourth Circuit has previously recognized that "ineffective assistance of counsel generally does not warrant equitable tolling." *Rouse*, 339 F.3d at 248 (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)).

---

[7] In any event, the state court's decisions in these cases would not have reset the one-year statute of limitations because they do not involve a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C.§ 2244(d)(1)(C).

Finally, to the extent Johnson is asserting the claim of actual innocence, a gateway through which the Court may consider untimely habeas petitions, *see McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), his claim also fails. To establish an actual innocence claim, a petitioner must first "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Here, Johnson summarily states that he is actually innocent. *See* ECF No. 12 at 3 (stating that he is "innocent of the charges he is currently being imprisoned for"). He does not provide any information to support his assertion but contends only that the Court should grant his Petition "in the interest of justice." *Id.*

Based on the foregoing, I find no basis for equitable tolling. Accordingly, the Petition is dismissed.

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Because Johnson fails to satisfy this standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court will dismiss Johnson's Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability.  His Motions Requesting an Order of Judgment shall be denied as moot.  A separate order follows.


_June 29, 2020_____                        _____/S/_____
Date                                                                  Paul W. Grimm
                                                                         United States District Judge